F. G. SIMMONS, Ex'tr, v. GEORGE E. ANDREWS.

*Case on Appeal.*

Where, upon disagreement, the case on appeal was settled by the Judge, who added to the case, "I do not remember distinctly what occurred; I believe that this statement is correct; therefore adopt it," it was remanded to the Judge, in order to settle the case again.

CIVIL ACTION, tried before *Shipp, J.*, at Spring Term, 1889, of the Superior Court of JONES County.

The plaintiff appealed.

The case is stated in the opinion.

No counsel for the plaintiff.
*Mr. C. M. Busbee*, for the defendant.

MERRIMON, J. The defendant appealed from the judgment adverse to him to this Court, and served a statement of the case on appeal upon the appellee. The latter returned such statement with specific objections thereto, as

a substitute for it, and the appellant thereupon requested the Judge who presided at the trial to settle the case, &c. The Judge adopted the amendments of the appellee as the case settled, at the end thereof in these words:

"This day, October 15, this matter has been called to my attention. I do not remember distinctly what occurred. I believe that this statement is correct; therefore, adopt it. I am sure that I did not assume authority to try facts without consent," and signed the same, adding over his initials the other words:

"There should be legislation upon this subject. It is impossible for a Judge of the Superior Court to remember cases after they have long passed. In this case, without reminder for six months."

We think such settlement of the case very unsatisfactory, if not altogether insufficient. It is obvious that the Judge was not satisfied with it—that he was in much doubt, because of reasons stated by him. He seems to have accepted the amendment of the appellee without much, if any, inquiry or scrutiny. He might have examined the record, the Clerk of the Court, the counsel, his notes, if these had been preserved—he may do so yet.

The case should be settled by the Judge upon information satisfactory to him, such as enables him to do so free from such perplexing doubts and uncertainty as he might feel called upon to express. If he cannot so settle the case, it would be better that he should say at once he cannot settle it at all.

It may be, that, upon further inquiry, the Judge may be able to settle the case as we have indicated. To the end he may have opportunity to do so, the case must be remanded. The Clerk of the Superior Court will notify him that it is remanded, and transmit to him a copy of this opinion, to be certified by the Clerk of this Court.

Remanded.